IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VINCENT BEDFORD, | § | |
|        Petitioner, | § | |
| | § | |
| v. | § | 3:14-CV-0362-L-BK |
| | § | |
| STATE OF TEXAS, | § | |
|        Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a *pro se* inmate at the Dallas County Jail, filed a *Motion to Reduce State Jail Felony to Misdemeanor* and a *Motion Requesting Credit for Back Time* (in connection with *State of Texas v. Bedford*, No. F10-19648 (288nd Judicial District Court, Dallas County)), both of which the Court liberally construed to seek habeas corpus relief under 28 U.S.C. § 2254. [Doc. 4].  For the reasons that follow, it is recommended that this action be dismissed for want of prosecution.

**I. BACKGROUND**

On January 31, 2013, the Court issued an electronic deficiency order requiring Petitioner to submit his pleadings on the federal habeas form, along with the proper filing fee or a motion to proceed *in forma pauperis*.  [Doc. 5].  The deadline for Petitioner to comply was February 28, 2014.  As of the date of this recommendation, however, Petitioner has not responded to the deficiency order, nor has he sought an extension of time to do so.

**II. ANALYSIS**

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order.

1

*Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Petitioner has been given ample opportunity to respond to the Court's deficiency order. He has impliedly refused or declined to do so. Therefore, this action should be dismissed without prejudice for lack of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).[1]

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be **DISMISSED** without prejudice for want of prosecution.

SIGNED March 7, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] Absent a petition on the federal form, the Court cannot determine the claims at issue and the application of the limitations period, if any. Thus, it is unclear whether the higher standard for dismissal with prejudice for want of prosecution would be applicable in this case. *See Bryson v. United States*, 553 F.3d 402, 403-04 (5th Cir. 2008) (citing *Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519 (5th Cir. 1985)).

**INSTRUCTIONS FOR SERVICE AND
<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In <u>order</u> to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE